# JOHNSON *alias* THOMPSON *vs.* THE STATE OF GEORGIA.

1. A policeman or watchman under city ordinances, is as much under the protection of the law in making an arrest as any public officer, such as sheriff, bailiff or constable.

2. An officer is not necessarily a trespasser in making an arrest on probable ground of suspicion and without a warrant.

3. Although the arrest of one accused or suspected, should be illegal or a search of his property or person by the officer should be unauthorized, this would not justify the accused in shooting the officer, not to prevent such arrest or search, but after the arrest had been made and the search voluntarily submitted to or tendered.

4. It is not error in the Court to state a principle of fact to the jury in his charge which is wholly immaterial and which does not affect, in any way, any defense of the accused.

5. It is not error in the Court to state a fact, as a fact, to the jury, which is admitted by counsel in defense, and on which there is no issue.

6. When the defense relied on for shooting at an officer is, that the arrest was illegal and unauthorized, any fact, circumstances or information on which the officer acted in making the arrest, is admissible, not as proof of the facts, but as evidence that the officer, in making the arrest, did so on reasonable ground of suspicion.

7. When the evidence is sufficient to support the finding, and the verdict is not against law, or the charge of the Court, and there is no error in the rulings of the Court, a new trial will not be granted.

Indictment, in Richmond Superior Court.   Decision by Judge HOLT, at January Term, 1860.

The indictment in this case contains four counts, two of which charge the defendant with the offense of "assaulting with intent to murder," and the other two, with the offense of "shooting at another."

The facts of the case are, in substance, that Joseph B. Ramsey, a police officer of Augusta, having arrested one Stone upon the charge of attempting to pick the pocket of Mr. Theodore Cone, at the circus, and took him to the City Hall and left him there in charge of the police, went to the Burke House in search of defendant, and to search the room of Stone.   Ramsey saw, on the register kept there, the name of Mr. Stone and Mr. Thompson, and got permission from the keeper of the house to go into Stone's room, No. 9, to search his baggage, which he did, accompanied by Mr. Bell, the keeper, with a light.   While he was searching, the defendant came in and asked Ramsey why he was in his room searching clothes? saying he was no robber; said it was his room; that he slept there with Mr. Stone.   Ramsey, looking at him, told him he suited the description he had of him, and arrested him as an accomplice of Stone, at the same time telling him he was a police officer, and showing his badge. When arrested, defendant refused to be searched; denied the room to be his; handed to Ramsey the key of his carpet-bag, and said if he would go to No. 14 he might search his carpet-bag.   On their way thither, defendant threatened Ramsey's life—attempted resistance, but not succeeding, the party— Bell, the defendant and Ramsey—entered the room No. 14. The defendant took up his carpet-bag and laid it before Ramsey, on a bed.   Ramsey then put down a gun in the form of a walking-cane, which he had taken from Stone when he arrested him, and proceeded with the search, which he had nearly completed, when he heard a click; he looked around and saw defendant raise the gun and aim at him, and as he (Ramsey) wheeled, the defendant fired, inflicting upon Ramsey a severe and dangerous wound.   Being subdued and

placed in the hands of another officer, defendant was taken to jail, and in his pocket was found the sight of the gun with which he had shot Ramsey. He then said his name was John Johnson. He had registered his name at the Burke House as Charles Thompson.

In the progress of the trial, defendant's counsel objected to so much of Ramsey's testimony as was contained in the language: "I got the stick from Mr. Stone, who said that it belonged to defendant; that I should be careful with it, it was loaded. He further stated in conversation that defendant stopped at Mr. Bell's." Also, to so much of Ramsey's testimony as was contained in this language: "I went into Mr. Bell's house and looked on the register, and found Mr. Stone's and Mr. Thompson's names and two others on the book." These objections were overruled by the Court.

The Court was requested in writing by defendant's counsel to charge the jury as follows:

1st. That Joseph B. Ramsey, in his capacity of a police officer, had no right or authority to arrest defendant without a warrant.

2d. That if the jury find, from the evidence, that Joseph B. Ramsey had no warrant to search the room and baggage of the defendant, he, (Ramsey,) was a trespasser.

3d. That if the jury find, from the evidence, that the arrest or capture of the defendant by Ramsey was without the authority of law, the defendant had a right, under the law, to resist the arrest, and also had a right to resist the searching of his room and baggage.

The Court refused to give in charge the first request, stating to the jury that the Legislature of the State had clothed the City Council of Augusta with power to regulate the police department of the city, and that the officer was not compelled to wait until he could get a warrant, but had a right to make the arrest and detain the party until a warrant could be procured.

The Court gave the second request in charge, but added thereto the remark, that the defendant had no right to shoot Ramsey.

The Court refused to give the third request, adding to such refusal the remark, that the defendant had no right to resist the arrest; that Ramsey was guilty of false imprisonment,

and that the defendant should wait and take the remedy the law gave him for the same.

The defendant's counsel also requested the Court to read to the jury the fourth article of the amendments to the Constitution of the United States. This the Court refused to do, remarking, that the same had been read to the jury by the counsel; that it did not apply to the case ; that Ramsey, in making the arrest, did not violate this provision of the Constitution.

The Court also charged the jury, that nothing but necessary self-defense was an excuse under the law for shooting at another. And in his charge to the jury, the Court stated that the shooting was not disputed, but was admitted by counsel.

A verdict of guilty having been rendered, counsel for defendant moved the Court for a new trial, setting forth all the rulings and decisions aforesaid, the charges as given and the refusals to charge as requested, as grounds for the motion ; also, because the verdict was contrary to law and evidence. The Court below refused the motion for a new trial, and this decision is excepted to, and error assigned upon all the grounds taken in the motion.

E. J. WALKER and W. R. McLAWS, for plaintiff in error.

Attorney General ROGERS, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The Court refused to charge, that Joseph B. Ramsey, in his capacity as a police officer, had no right or authority to arrest the defendant without a warrant, but charged, that the Legislature had clothed the City Council of Augusta with power to regulate the police department of the city, and that the officer was not compelled to wait until he could get a warrant, but had a right to make the arrest and detain the party until a warrant could be procured ; that if the jury find, from the evidence, that Joseph B. Ramsey had no warrant to search the room and baggage of the defendant, he (Ramsey) was a trespasser, but defendant had no right to shoot him. The Court refused to charge, that if the jury found, from the evidence, that the arrest, or capture of the

defendant, by Ramsey, was without the authority of law, the defendant had a right, under the law, to resist the arrest, and also had a right to resist the searching of his room and baggage. The Court charged, that the defendant had no right to resist the arrest, that Ramsey was guilty of false imprisonment, and that defendant should wait and take his remedy the law gave him for the same ; that nothing but self-defense was an excuse for shooting at another.

These charges and refusals to charge are excepted to, and form the first four grounds of the motion for new trial. The substance of the four several exceptions is, that the arrest, by Ramsey, as a police officer and without a warrant, was illegal, and that, consequently, the defendant had the right to resist the arrest and search of his baggage and room, and in this sense we will consider the whole together with reference to the facts of the case.

1. It is not true, that, because the officer arresting was a police officer of the city of Augusta, and not an officer of the public law of the land, as a sheriff or constable, the arrest was illegal, or that the prisoner had any other right to resist him than a public officer, for the public officer or watchman of a city is as much under the protection of the law as a bailiff, constable or sheriff. 1 *Russ on Cr.*, 532 and 533.

2. Neither is it true, that the officer is necessarily a trespasser, or his arrest illegal, because he acts without a warrant. On the contrary he is, " by virtue of his office, empowered, by law, to arrest felons, or those that are suspected of felony, and that before conviction and also before indictment. And these are under greater protection of the law, in execution of this part of their office, upon these two accounts :

" 1. Because they are persons more eminently trusted by the law, as in many other incidents to their office, so in this.

" 2. Because they are, by law, punishable, if they neglect their duty in it.

" And therefore it is all the reason that can be, that they should have the greatest protection and encouragement in the due execution of their office, since their actings herein are not arbitrary, but necessary duties, (not permissions,) and under severe punishment in their neglect thereof. And hence it is that these officers, that are thus entrusted, may, without any other warrant but from themselves, arrest fel-

ons and *those that are probably suspected of felonies*, and if they be assaulted and killed in the execution of their office, it is murder." 2 *Hale's Pleas of the Crown*, 85, 86; *and* 1 *East P. C.*, 301. So, upon authority, the Court committed no error.

3. But there is another view of this question which effectually disposes of it; that is, concede that the law is as claimed by defendant—that the arrest was illegal, and the defendant had a right, under law, and it was his constitutional privilege, to resist an illegal seizure of his person or search of his room and baggage: according to the proof, the shooting was not in resistance to the arrest or the search, nor to prevent either. On the contrary, the shooting took place after he was arrested, and after he had voluntarily carried the officer to the room where his carpet-bag was, and submitted it to the inspection of the officer, apparently to relieve himself from the suspicion of being a robber or felon, and while the officer was thus thrown off his guard, engaged in the examination of the carpet-bag, and had nearly finished, the defendant, who was unwatched, and behind the officer, attempted to, and did shoot, inflicting a dangerous wound. Had he, in fact, resisted the effort to arrest or search, and done the shooting while in the act of resistance, and the law was as claimed, there would be error; otherwise, there is none.

4. There was no error in the charge, "that nothing but necessary self-defense was an excuse, under the law, for shooting at another, nor in the failure of the Court to read to the jury, on the request of counsel, the fourth section of the Constitution of the United States, in remarking that it did not apply to the case; that Ramsey, in making the arrest, did not violate that provision," for the reason that nothing* else was relied on by the defense as an excuse for the shooting, and that whether Ramsey, in the arrest, was in violation of that article of the Constitution or not. still, under the facts of the case, the defendant was not justifiable in shooting Ramsey. Hence, upon the merits, the charge was wholly immaterial.

5. The Court stated to the jury, that the shooting was not disputed, but admitted. As this statement was true, and there was no issue upon it, there was no error in the statement.

6. The evidence objected to, to-wit: "I got the stick from Mr. Stone, who said it belonged to the defendant; that I should be careful with it, that it was loaded, and that the defendant stopped at Mr. Bell's;" further, "I went into Mr. Bell's house and looked on the register and found Mr. Stone's and Mr. Thompson's names and two others on the books," were not offered as evidence of the guilt of the accused, but as circumstances which influenced Ramsey to suspect accused of being an accomplice of Stone, who was charged with a felony, and induced him to make the arrest.    For this purpose, we think the evidence was admissible, as would any other facts or information, on which the officer acted, that would tend to show that his suspicions were not without reasonable grounds.

7. We think the evidence was sufficient to support the verdict, and that the finding was not against law or the charge of the Court, and as there was no error in the rulings of the Court by which the defense of the prisoner was affected, the new trial is refused.

Judgment affirmed.