*(Criminal Court of Cook County.)*

## The People of the State of Illinois

### vs.

### John Stark, et al.

(February, 1904.)

1. ARREST WITHOUT WARRANT. To justify an arrest without a warrant the offense must be committed in the presence of the officer making the arrest.
2. PERSONAL LIBERTY—DEFINED. Personal liberty consists of freedom from physical and personal restraint; the right to the pursuit of happiness; to go where one chooses and to pursue such lawful occupations as may seem suitable. In its broad sense it includes freedom from unlawful arrest and restraint and from unlawful searches and seizures.
3. ARREST—SEARCH FOR DEADLY WEAPON. As incidental to an arrest an officer may search the person arrested for a deadly weapon, but not otherwise.

Indictment for assault and battery. Heard before Judge Jesse Holdom.

For statement of facts see opinion.

*Robert N. Holt,* assistant state's attorney, for the people.
*W. P. Thornton,* for defendants.

HOLDOM, J.:—

The defendants, police officers of the city of Chicago, stand indicted by the grand jury of this county for an assault and battery. The undisputed facts alleged to constitute the crime

stated briefly are that one Muff at midnight complained to the defendants that the prosecuting witness, a vender of fruit at a stand in front of his store, had, during a dispute then immediately preceding the complaint, as to the weight of some grapes which Muff, had purchased, drawn a revolver upon the said Muff; thereupon the defendants proceeded to the fruit stand and against the protest of the prosecuting witness forcibly and against his will searched the pockets of his clothing for the alleged revolver and finding none, released him—no arrest being made. In the struggle the clothing of the prosecuting witness was disarranged and some slight scratches inflicted upon his person. Defendants seek to justify their conduct, contending that they simply discharged their duty as police officers under the law, and in support of such contention cite sec. 1996 of the municipal code, which is as follows: "Any policeman of the city of Chicago may, within the limits of said city, without a warrant, arrest any person or persons whom such policeman may find in the act of carrying or wearing under their clothes or concealed about their person, any deadly weapon of the character in this article specified, or any other dangerous or deadly weapon." Counsel for defendants further rely upon *North v. The People,* 139 Ill. 81, as justification for the acts complained of. It is apparent from what will hereafter appear that neither the ordinance nor the *North Case* justify the conduct of the officers.

It is axiomatic and a fundamental principle of the common law, and the same principle stands engrafted into the federal and state constitutions and the statutes of most of the states of the union, that to justify an arrest without a warrant the offense must be committed in the presence of the officer or the person making the arrest.

The constitutions of this state and of the United States provide "that the right of the people to be secure in their persons, homes, papers and effects against unreasonable searches and seizures shall not be violated." Art. IV, 1st Amendment to Constitution of the United States; Constitution of Illinois, sec. 6, art. II.

Personal liberty has been judicially defined as freedom from physical and personal restraint; the right to the pursuit of happiness; freedom to go where one chooses and to pursue such lawful occupations as may seem suitable; and in its broad sense it includes freedom from unlawful arrest and restraint, from unlawful seizures and searches, from assault and battery, etc. *Munn v. Illinois,* 94 U. S. 113; *People v. Gillson,* 4 Am. St. Rep. 465; *Slaughter House Cases,* 16 Wall. 36; *Butcher's Union Co. v. Crescent City Co.,* 111 U. S. 746; *People v. Marx,* 99 N. Y. 377; *In Matter of Jacobs,* 50 Am. Rep. 636.

These principles are forcefully sustained and upheld both by reason and authority in *North v. The People, supra,* where they properly arose, and were questions in the case presented for decision; for other errors the sentence of death by the *nisi prius* court imposed upon North was reversed. The court said on page 104: ''The arrest or attempted arrest here was without a warrant. It is provided by sec. 4, div. 6 of the criminal code, that 'an arrest may be made by an officer or by a private person without warrant, for a criminal offense, committed or attempted in his presence, and by an officer when a criminal offense has in fact been committed and he has reasonable ground for believing that the person to be arrested has committed it.' The seventh section of the same division is that 'When an arrest is made without a warrant, either by an officer or a private person, the person arrested shall, without unnecessary delay, be taken before the nearest magistrate in the county, who will hear the case for examination, and the prisoner shall be dealt with as in cases of arrest upon warrant.' ''

Sec. 2 of art. 6 of the state constitution provides, ''No warrant shall issue without probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized,'' and ''No person shall be deprived of life, liberty, or property, without due process of law;'' and on page 105, *supra,* the court said, ''Under like restrictions in the constitution it has been held, in some states, that arrests shall not be made without a warrant ex-

cept for felonies and for breaches of the peace committed in the presence of the officer arresting (*Pinkerton v. Verberg,* 78 Mich. 573; *In re May,* 41 Mich. 299; *State v. Hunter,* 106 N. C. 796), while in other states it seems to have been held under the same constitutional restrictions, that arrests may be made for misdemeanors generally, committed in the presence of the officer making the arrest. *White v. Kent,* 11 Ohio St. 550; *Thompson v. State,* 30 Ga. 430.'' Under neither of which constructions would the acts of the defendants be lawful. If they had arrested the prosecuting witness upon the complaint of Muff that a crime had been committed and taken him before the nearest magistrate for examination, as provided by the statute, another and different question would arise; but under no circumstances could they take cognizance of the alleged infraction of the law, search the accused person, and then, after a scuffle brought about by his resistance, adjudge him not guilty and release their hold upon him. And it would seem there could be no justification for their conduct when it is borne in mind that he was a citizen settled in the community, pursuing his lawful avocation upon his own premises, the fruit stand being run in conjunction with the store before which it stood.

Had the officers arrested the prosecuting witness, then as incidental to the arrest they might have searched him for a deadly weapon; but as he was not under arrest his person was sacred from search for any purpose. 2 Hawkins' Pleas of the Crown, ch. 13, sec. 28; 3 Wharton, Criminal Law, sec. 2927 (7th ed.); *Spalding v. Preston,* 21 Vt. 9; *Clossom v. Morrison,* 47 N. H. 482.

Sec. 1996 of the municipal code, *supra,* must be construed in the light of the constitution and sections of the criminal code before referred to, and in so doing its legal effect and power is found to be environed and restricted to the right in a police officer to search a citizen for a deadly weapon only as an incident to an arrest for a breach of the peace or other criminal offense. Were the law otherwise, every citizen's person would be subject to search for concealed weapons at the whim or caprice of any police officer. To paraphrase

a saying of Lord Camden, ''Such a condition would be worse than the Spanish Inquisition, a law under which, no American would wish to live an hour.''

On the facts as admitted by Stark and O'Brien they acted without warrant of law. Their acts constitute an assault and battery for which they stand indicted and of which they are found guilty. Believing that they thought they were at the time acting in consonance with a sanctioned custom of the police department, and that they were not actuated by malice, they will be punished by the infliction of a fine of five dollars each.