### 6394. RUFF *v.* THE STATE.

WADE, J. 1. The indictment sufficiently sets out that the court in which the alleged false testimony was given by the accused had jurisdiction to try and determine the question then at issue. It distinctly charges that the case in which the alleged false testimony was given was then on trial "in Haralson superior court;" and the additional recital, "before his honor Price Edwards, judge of said court," does not negative the idea that the trial was progressing regularly before a court properly constituted and organized, with both a judge presiding and a jury impanelled. On the contrary, the presumption of law would be that the court was completely and fully organized for the proper transaction of business within its jurisdiction. The indictment further alleges, "said plea to the jurisdiction being then and there on trial before a jury in said court;" and since but one plea to the jurisdiction is referred to in the indictment, it is apparent that the trial "before a jury in said court" was the trial in Haralson superior court.

2. There is no merit in the ground of the demurrer that the indictment is defective in that it fails to allege by what person or officer having authority to administer "a lawful oath" the oath was administered to the defendant. It is not essential to name the particular person or officer administering the oath, or to precisely define his authority so to do. Whether or not a lawful oath was administered would be a matter of defense at the hearing of the case on its merits. *Broadwater* v. *State*, 10 *Ga. App.* 458 (73 S. E. 623).

3. The indictment sufficiently charges that the testimony alleged to be false was material in determining the question raised by the plea to the jurisdiction of the superior court of Haralson county. From the recitals in the indictment it is apparent how and in what manner the testimony alleged to be false was material in the trial of that issue. It is not essential in such a case that the materiality of testimony should be demonstrated by an argument incorporated in the indictment.

22

The cases of *Askew* v. *State,* 3 *Ga. App.* 79 (59 S. E. 311), and *Black v. State,* 13 *Ga. App.* 541 (79 S. E. 173), are not precisely in point and are not in conflict with this ruling, as the allegations of this indictment sufficiently indicate how and wherein the testimony upon which the perjury was assigned was material to the issue in the trial in which the alleged false testimony was delivered.

4. There is no merit in the 6th ground of the demurrer, since the fact that the defendant returned his personal property for taxation in one county rather than another would be a circumstance tending to show in what county he claimed his domicile, and therefore what courts might entertain jurisdiction over a civil suit instituted against him. Generally personal property should be returned for taxation to the receiver of the county in which the person making the return resides. Civil Code, § 1075; *Walton County* v. *Morgan County,* 120 *Ga.* 548 (48 S. E. 243); *Morgan County* v. *Walton County,* 121 *Ga.* 659 (49 S. E. 776).

5. The court did not err in overruling the demurrer, as the indictment sufficiently set forth the various elements necessary to make out the crime charged against the accused. In a broad sense, an indictment in which the essential elements of the crime charged are set out with such particularity as will fully apprise the accused of the exact nature of the offense and the manner in which it was committed is sufficient to withstand a general demurrer. The adoption of any rule more narrow would be mere legal trifling, and would preserve no substantial rights to which any man accused of crime is entitled under the law.

*Judgment affirmed.   Russell, C. J., dissents.*

Indictment for perjury; from Haralson superior court—Judge Bartlett.   January 29, 1915.

The exceptions are to the overruling of a demurrer to the indictment.   The indictment charges M. V. Ruff with the offense of perjury, "for the said M. V. Ruff, on the 23d day of January, in the year 1913, in the county aforesaid, did then and there unlawfully and with force of arms, wilfully, knowingly, absolutely, and falsely swear, as hereinafter set out, in a matter material to the issue and point in question in a judicial proceeding, to wit, the case of S. S. Copeland vs. M. V. Ruff, the same being a suit on note and equitable foreclosure in Haralson superior court, then on trial before his honor Price Edwards, judge of said court, in which the said M. V. Ruff was named as the defendant, and in which case the said M. V. Ruff filed a plea to the jurisdiction of said Haralson superior court, alleging that said Haralson superior court was without jurisdiction to try said case, for the reason that the said M. V. Ruff was not a resident of said Haralson county, Georgia, at the time of the filing of said suit, to wit, on the 27th day of June, 1911, but that the superior court of Cobb county, Georgia,

had jurisdiction at that time, for the reason that he was a resident of said Cobb county, Georgia, on the 27th day of June, 1911, and was not then and there a resident of said Haralson county, Georgia, and said plea to the jurisdiction being then and there on trial before a jury in said court; and the question as to whether or not the said M. V. Ruff was a resident of said Haralson county, Georgia, or was a resident of Cobb county, Georgia, on the 27th day of June, 1911, in which county the town of Smyrna is situated, was material on the trial of said issue; and after a lawful oath in terms of the law was administered to the said M. V. Ruff on the trial of said issue in the said court at said January, 1913, term thereof, the said M. V. Ruff testified in his own behalf as follows: 'I rented my home in Smyrna until September. I left one suit of furniture in the house. I reserved one room and left the suit of furniture. My family was going back about the first of September. I just brought my family here temporarily. I did not bring all of my household goods and wearing apparel when I came over here. I left one suit of furniture. I left three pieces of furniture, and something in the dining-room and something in the kitchen, cook-table and safe and cupboard. We didn't bring all of our cooking utensils. We left several cook vessels in the kitchen. I returned property for taxation in Cobb county and Smyrna in the year 1911. I returned personal property what I had over there in my house. I don't remember how much it was. There was one suit of furniture. I don't remember what I returned at.' The aforesaid testimony being then and there absolutely, wilfully, and knowingly false, when in truth and in fact the said M. V. Ruff did not rent his home in Smyrna at all, but said home was rented by said Ruff's wife and was rented until January 1, 1912; the said Ruff moved all of his furniture, household goods, wearing apparel, and cooking utensils and cook vessels from said house, except a safe which was too unhandy to move away, which he left in the charge and control of Rufus Purcell, to whom said house was rented as aforesaid; and he, together with S. C. Hill, occupied said house from February 20, 1911, for the balance of said year, the said Ruff having no room reserved in said house; and the said M. V. Ruff brought his family to Bremen, Georgia, for the purpose of making Bremen, Haralson county, Georgia, his permanent home; the said M. V. Ruff, in February, 1911, moved a car-load of his furniture

from Smyrna, Cobb county, Georgia, to Bremen, Haralson county, Georgia, being all the furniture of the said Ruff and family except some junk; the said Ruff returned no personal property for taxation in Cobb county and Smyrna in the year 1911; said M. V. Ruff paid no taxes on any personal property in said Cobb county and Smyrna in said year 1911, or for said year 1911. Contrary to the laws of said State," etc.

The demurrer was on the following grounds: (1) The indictment does not set out sufficient facts to constitute the crime of perjury. (2) The indictment fails to charge that the court trying the subject-matter upon the investigation of which the alleged false testimony was given had jurisdiction of said matter, to try and determine said issue. (3) The indictment does not charge that the case came on to be tried and was tried before a judge and jury, making a complete tribunal to try and determine the issue alleged to have been on trial, in which the alleged false testimony was given; and therefore no complete jurisdiction is alleged. (4) It is not alleged that a lawful oath was administered to the defendant by any court or officer having authority to administer such oath, before the alleged false testimony was given. (5) The indictment fails to charge that the alleged false testimony was material evidence to the issue alleged to have been on trial in said court. (6) The allegation that the defendant testified that he returned his personal property in Cobb county and in the town of Smyrna was not material to the issue alleged to have been on trial at the time the alleged testimony is charged to have been given.

*J. E. Mozley,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.