6848.   SISTRUNK *v.* THE STATE.

RUSSELL, C. J.   1. The indictment was good as against a general de-
murrer, nor was it subject to the special demurrer.

(a) It is alleged in express terms that the oath administered was "a law-
ful oath."

(b) While it is essential to the validity of an indictment for perjury that
the materiality of the testimony alleged to be false should be made to
appear in the indictment (*Broadwater* v. *State,* 10 *Ga. App.* 458, 73 S.
E. 691), this requiremnt is fully met when the perjury is assigned on
an affidavit alleged to have been made by the accused as the basis of a
dispossessory warrant, and the affidavit itself is set out by embodying a
copy of it in the indictment.   Where a picture of the affidavit is thus
incorporated in the indictment, it is not necessary to denominate the
picture by a label.

(c) When perjury is alleged to have been committed by falsely swearing
to the contents of an affidavit, it should appear from the allegations of
the indictment that the affiant knew the proceeding in which the affi-
davit was made, and that. it was to be used in that proceeding; and
it should also appear how and wherein the affidavit upon which the
perjury is assigned was material to the issue in that proceeding; but
these requirements are sufficiently met in an indictment for perjury in
which it is alleged that the accused, upon a certain day, "did wilfully,
knowingly, absolutely, and falsely swear to" an affidavit, which is copied
in full and which purports to have been sworn to and signed by the
accused, before one who signed the jurat apparently as an officer au-
thorized by law to administer oaths and it is further alleged that the
affidavit was "in a matter material to the issue in a judicial proceed-
ing instituted in" a designated court; and especially when it is further
alleged that a lawful oath was "first administered" by the officer named.

(d) The allegation that the affidavit was "in a matter material to the
issue in a judicial proceeding" instituted in a justice court fixed, prima
facie at least, as a matter of law, the use to which the affidavit was

intended to be put, as well as its materiality. Viewed in connection with the copy of the affidavit, there was no room for doubt as to the identity of the proceeding.

(e) The indictment was not demurrable because the affidavit contained statements contradictory to each other. Both statements might be shown to be false, and if only one was established to be perjury, the charge in the indictment would be sustained. *Salmons* v. *Tait*, 31 *Ga.* 678.

(f) It is not necessary in an indictment for perjury to set out, either literally or in substance, the form of the oath alleged to have been administered in the judicial investigation in which the perjury is alleged to have been committed. The jury can plainly understand this ingredient of the offense if it is alleged in the indictment that the oath administered to the defendant was a lawful oath. *Broadwater* v. *State*, 10 *Ga. App.* 458 (73 S. E. 691); *Ruff* v. *State*, 17 *Ga. App.* 337 (86 S. E. 784).

2. None of the exceptions based upon the admission of testimony can be considered, because it does not appear from the exceptions themselves that the objections now urged were presented in the trial court.

3. It is not necessary to show that an affidavit which is the basis of a charge of perjury was sworn to before an officer in his judicial capacity. "If the justice of the peace, in administering the oath, acted officially, it need not appear that he acted judicially." *Pennaman* v. *State*, 58 *Ga.* 337.

4. It is a matter of law, and therefore it need not be proved, that a justice of the peace has authority to administer the oath in an affidavit sworn out to obtain a dispossessory warrant.

5. In view of the undisputed evidence in the case and the statement of the defendant, the trial judge did not err in telling the jury that "this was a judicial proceeding before a justice of the peace." The statement of a fact admitted by both parties in a cause is generally not violative of the provisions of section 1058 of the Penal Code (Civil Code, § 4863).

6. The evidence authorized the verdict of conviction, and there was no error in refusing a new trial.        *Judgment affirmed.*

              DECIDED MAY 1, 1916.

Indictment for perjury; from Berrien superior court—Judge Thomas. July 17, 1915.

*John A. Boykin,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.