16749.   HART *v*. THE STATE.

BROYLES, C. J.   1. The demurrer to the indictment was properly over-
ruled.

2. Under all the facts of the case it is not made to appear that the court
abused its discretion in denying the motions for a continuance of the
case.

3. The accused was charged with having committed perjury during the
trial of a criminal case in which the defendant (charged with hog-
stealing) was acquitted.   Upon the trial in the instant case the indict-
ment in the former case, with the verdict and other entries thereon,
was introduced in evidence, as were also the minutes of the court.   Upon
the uncontradicted showing by the State that a record of the former
case had never been made, since the testimony, although taken down in
short-hand, had never been transcribed by the reporter, and that the
reporter was dead, it was not error to allow oral evidence as to the
testimony in the former trial by the accused in the instant case.   The
case of *Hefling* v. *State*, 88 *Ga.* 151, cited and relied on by counsel
for the plaintiff in error, is easily distinguished by its facts from
this case.

4. None of the special grounds of the motion for a new trial shows reversi-
ble error, the verdict was authorized by the evidence, and for no reason
assigned in the exceptions pendente lite is another hearing of the case
required.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
DECIDED NOVEMBER 10, 1925.

Indictment for perjury; from Cook superior court—Judge
Knight.   July 11, 1925.

The indictment charged John Hart with "the offense of John
Hart, for that the said perjury, on the 13th day of November in
the year 1922 in the county [of Cook] aforesaid, did then and
there unlawfully and with force and arms wilfully, knowingly,
absolutely, and falsely swear in a matter material to the issue in
the case of the State of Georgia vs. Homer Smith, charged with
simple larceny in the superior court of Cook county, Georgia, after
a lawful oath had been administered to him, the material matter
so sworn to by the accused being as follows: [setting out the testi-
mony].   This testimony was material upon the issues involved in
the case as stated above.   Contrary to the law of said State," etc.

The demurrer was on the following grounds:   (1) The indict-
ment charges John Hart with "the offense of John Hart, for that
the said perjury" did, etc.   This charges no offense.   (2) The in-
dictment fails to allege that Cook superior court had jurisdiction
of the case of the State vs. Homer Smith; the day on which it is

claimed the defendant committed the offense of perjury is not alleged; it is not alleged that the superior court had power and authority to administer an oath to the said John Hart in the trial of said case; it is not alleged that there was a legal, valid indictment or special presentment returned against said Homer Smith, or that the same was returned by a legally empanelled, qualified grand jury of Cook superior court.

*Jeff. S. Story, Hendricks & Hendricks,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.