### 21014. POPE *v.* THE STATE.

DECIDED APRIL 14, 1931.

*Norman Shalluck, J. D. Pope,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens, Walter B. Shaw,* contra.

LUKE, J. ▆ The special presentment in this case charges that "D. F. Pope, on the 4th day of March, 1930, did . . wilfully, knowingly, absolutely, and falsely swear, both with and without laying his hand on the Holy Evangelist of Almighty God, and in like manner did affirm, a lawful oath and affirmation having been then and there administered to him, in a certain judicial proceeding, the said judicial proceeding being the trial of Mrs. Josie Wardlaw, alias Mrs. S. L. Partain, in Walker superior court upon a lawful indictment charging her with the offense of the forgery of the purported last will and testament of J. R. Wardlaw, when and whereupon it became and was material to the issue and point in question as to whether said D. F. Pope knew who wrote said purported forged will and testament, and as to whether the said D. F. Pope knew that said will was a forgery, and he, the said D. F. Pope, did then and there wilfully, knowingly, absolutely, and falsely swear in said court, upon said trial, the said court upon said trial then and there having jurisdiction to hear and determine the issue and power and authority to administer an oath, in substance as follows; to wit: 'I do not know where that will was written, nor who wrote it. I acted in good faith throughout the matter and so far as I know it is a genuine will;' when in truth and in fact the said Pope did know where said will was written, who wrote it, and he, the said accused, was not acting in good faith, and then and there knew said purported will was not a genuine will. . .''

The first question presented by the record is whether or not the court erred in overruling the defendant's demurrer to the indictment, which demurrer is substantially as follows:

1. "Said indictment sets out and charges no crime or misdemeanor under the laws of Georgia.

2. "It is not alleged that the testimony alleged to have been delivered by D. F. Pope was material to the issue on trial in the case of The State vs. Mrs. Josie Wardlaw, alias Mrs. S. L. Partain.

3. "Because it is nowhere alleged in the indictment that the issue on trial in the case of the State vs. Mrs. Josie Wardlaw, alias Mrs. S. L. Partain, was, or whether any issue was made upon the bill of indictment on arraignment by standing mute, or whether or not same was waived and a plea of not guilty entered to the indictment in the case of the State vs. Mrs. Josie Wardlaw, alias Mrs. S. L. Partain, as provided by law.

4. "It is not alleged or set out in said indictment how or in what way the alleged false testimony was material to the issues on trial in the case of the State vs. Mrs. Josie Wardlaw, alias Mrs. S. L. Partain.

5. "It is not alleged in said indictment that the alleged false testimony was material to any issue made or that could have been made on the trial of the case of the State vs. Mrs. Josie Wardlaw.

6. "Because the indictment shows upon its face that the alleged false testimony, to wit: 'I do not know where that will was written nor who wrote it. I acted in good faith throughout the matter, and so far as I know it is a genuine will,' was not material to any issue in the case of the State vs. Mrs. Josie Wardlaw, alias Mrs. S. L. Partain.

7. "Defendant demurs to the following allegations in said indictment and moves to quash same, to wit: 'wilfully, knowingly, absolutely, and falsely swear, both with and without laying his hand on the Holy Evangelist of Almighty God, and in like manner did affirm, a lawful oath and affirmation having been then and there administered to him,' etc., because same is not specific, too vague, general and indefinite to put defendant upon notice so as to defend said allegations. Said indictment should allege whether the said oath was administered to him with laying his hands on the Holy Evangelist of Almighty God, or was administered to him without his laying his hands on the Holy Evangelist of Almighty

God, or whether without doing either he affirmed as prescribed in section 261 of the Criminal Code of Georgia.

8. "Because there is not set out literally or in substance in said indictment a copy of the indictment in the case of the State vs. Mrs. Josie Wardlaw, . . and nothing is set out in this connection so as to inform defendant and enable him to prepare his defense."

The first ground of the demurrer, which alleges that the indictment sets out no offense, is not good. See *Bradley* v. *State,* 39 *Ga. App.* 697 (148 S. E. 423), where an indictment substantially like the one under consideration was held good against a general demurrer. See also *Baker* v. *State,* 97 *Ga.* 347 (23 S. E. 829); *Hart* v. *State,* 34 *Ga. App.* 592 (130 S. E. 346).

In regard to the second ground of the demurrer it suffices to say that a casual reading of the indictment shows that it does virtually and substantially set out that the alleged false testimony of the defendant was material to the issue on trial.

The indictment alleges that the defendant swore falsely "in a certain judicial proceeding," to wit, "the trial of Mrs. Josie Wardlaw, alias Mrs. S. L. Partain, in Walker superior court upon a lawful indictment charging her with the offense of forgery of the purported last will and testament of J. R. Wardlaw." It was not necessary for the indictment to allege specifically that issue was joined upon the indictment, or how the defendant did plead. There is no merit in the third ground of the demurrer.

The fourth ground of the demurrer is controlled adversely to the demurrant by the following ruling in *King* v. *State,* 103 *Ga.* 263 (2) (30 S. E. 30). "An indictment for perjury which alleges that certain testimony therein set forth was false, and that the same was given by the accused in a matter material to a specified issue and point in question in a described judicial proceeding, is, so far as relates to alleging the materiality of such testimony, sufficient, without stating in detail the facts showing how the same was material."

The indictment refutes the fifth ground of the demurrer, and the sixth ground is obviously not good.

The indictment was drawn under section 259 of the Penal Code (1910), which is as follows: "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or

without laying the hand on the Holy Evangelist of Almighty God, or affirming, in any manner material to the issue or point in question, in some judicial proceeding, by a person to whom a lawful oath or affirmation is administered." In the case of *Sislrunk* v. *State,* 18 *Ga. App.* 42 (1-f) (88 S. E. 796), this court held: "It is not necessary in an indictment for perjury to set out, either literally or in substance, the form of the oath alleged to have been administered in the judicial investigation in which the perjury is alleged to have been committed. The jury can plainly understand this ingredient of the offense if it is alleged in the indictment that the oath administered to the defendant was a lawful oath. *Broadwater* v. *State,* 10 *Ga. App.* 458 (73 S. E. 691); *Ruff* v. *State,* 17 *Ga. App.* 337 (86 S. E. 784)." Whether the defendant took a lawful oath on or off the Bible appears to be immaterial. It was held in the case of *Baker* v. *State,* supra, that an indictment alleging that the defendant swore falsely "both with and without laying his hand on the Holy Evangelist of Almighty God" contained all the allegations essential to charge the offense of perjury. See also *Bradley* v. *State,* supra. We are aware of the fact that the indictments in the two cases last cited were not attacked by a demurrer like the one in the case at bar, but, in the light of the code section itself, and of the decisions referred to, and of the well-established rules governing indictments, we hold that the seventh ground of the demurrer is without merit.

The indictment sufficiently described and identified the indictment in the case wherein the defendant is alleged to have committed perjury "to enable him to prepare his defense," and there is no merit in the eighth ground of the demurrer.

Special ground 1 of the motion for a new trial, complaining that the court erred in refusing to grant a continuance because of absence of a witness, needs no consideration, because the judgment is reversed on other grounds.

Special ground 2, complaining that there was "a fatal variance between the indictment offered and the indictment alleged," for the reason that the indictment against Mrs. Josie Wardlaw, alias Mrs. S. L. Partain, contained two counts, one charging her with forgery and the other with uttering a forged instrument, and that the court erred in allowing the State to introduce said indictment with the plea of not guilty thereon, is not meritorious. The indictment against Mrs. Wardlaw was material and was admissible.

180

Special ground 3, complaining that the court stenographer was allowed to testify that he remembered distinctly that an oath was administered to the defendant, without refreshing his memory from his notes, is without merit.

The original will of J. R. Wardlaw was admissible in evidence over the objection that a certified copy thereof was the best evidence, and there is no merit in special ground 4.

Special ground 5, complaining that the court admitted in evidence "a copy of the will in question, offered for the purpose of comparison by the jury," over the objection, "I don't think it is competent for that purpose," is not in proper form for consideration, first, because the documentary evidence referred to is not sufficiently shown by the ground, and, second, because the objection is entirely too general.

■ It appears from special ground 6 that the court allowed a witness to testify, over the objection that there was better evidence, that he had been convicted twice, once for violating the prohibition law and once for abortion. The court overruled the objection, with the remark: "I will let him answer, to go to the credit of the witness; abortion is a felony." "Where it is material to prove that a witness has been convicted of an offense, the best evidence of that fact is the record of the conviction." *Lovinger* v. *State,* 39 *Ga. App.* 116 (2) (146 S. E. 346), and cases cited. Therefore the court's ruling was error.

It appears from special ground 7 that the only objection interposed to certain testimony was this: "I object to that; it would not be admissible if he did say it." Clearly such an objection is too indefinite to present any question for the decision of this court.

■ Special grounds 8, 9, and 10 may well be considered together. It appears that the court charged the jury (ground 8) "that there was a lawful oath or affirmation administered to the defendant in this case"; (ground 9) that "such lawful oath or affirmation was administered in a judicial proceeding, and that the statements or testimony attributed to the defendant . . was material to the issue;" and (ground 10) that the only question for the jury to determine was "whether or not the defendant, D. F. Pope, did wilfully, knowingly, absolutely, and falsely swear substantially to the facts alleged in the indictment, and as to whether or not at that time he knew that those facts were untrue."

It is contended that in each of these extracts from the charge the judge erred in expressing his opinion as to what had been proved. Section 1058 of the Penal Code (1910) reads: "It is error for the judge of the superior court, in any case, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and a violation of the provisions of this section shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted, with such directions as the Supreme Court may lawfully give." We next quote from the headnotes in the case of *Blumenthal* v. *State*, 121 *Ga.* 477 (49 S. E. 597): "2. In his charge the judge may define what are the elements going to make up an offense, and instruct the jury that if they find from the evidence that the facts constituting these elements are established they may find the defendant guilty. 3. But the trial judge may not go from the general to the particular and so charge in reference to the testimony as to intimate whether the facts constituting the elements of the crime have or have not been established." The fifth headnote in *So. Express Co.* v. *State*, 1 *Ga. App.* 700 (58 S. E. 67), reads: "To assume in a criminal case that the testimony for the State is the truth, though such testimony be not contradicted by evidence for the defendant, and to charge the jury that such testimony is the truth and that there is no contention to the contrary, is violative of section 4334 of the Civil Code [of 1895], and demands a new trial. The plea of not guilty, filed by the defendant, is a contention on his part as to every material and essential fact necessary to establish his guilt, and implies a denial of every such fact." In the body of the decision referred to, Judge Russell, speaking for the court, said: "It is true that the evidence of three witnesses for the State was to the effect that it was whisky; and there is no evidence to the contrary. But the defendant's plea of not guilty put the State on proof of every material allegation of the indictment, and submitted to the jury, not only the facts testified to by witnesses, but also the credibility of each and every witness." In *Cooper* v. *State*, 2 *Ga. App.* 730 (59 S. E. 20), Judge Russell, referring to the defendant, said: "Unless he admits unequivocally one or more of the facts which it devolves upon the State to prove, such facts must be proved." In *Davis* v. *State*, 24 *Ga. App.* 35 (3), 37 (100 S. E. 50), it was held by this

court that the "dumb act" did not apply where the fact was "virtually treated as true by the defendant in his statement to the jury." Of course, the statute refers to the expression or intimation of an opinion touching some fact at issue, and not to something conceded by both parties. See *Thomas* v. *State*, 27 *Ga. App.* 38 (2), 40 (107 S. E. 418), where the defendant "admitted he took the mule and sold it;" and *Johnson* v. *State*, 30 *Ga.* 426 (5), where it is held: "It is not error for the court to state a fact, as a fact, to the jury, which is admitted by counsel in defense, and on which there is no issue." In *Miller* v. *State*, 151 *Ga.* 710 (7) (108 S. E. 38), the court said: "Under a fair construction of all of the evidence and the prisoner's statement, we think these facts are undisputed, and therefore the statement of them by the court was not error." The gist of the language referred to is that the accused shot and killed another. It appears from the body of the decision (page 714), that the defendant's evidence, as well as that of the State, established the fact "that the accused shot and killed Bussey." In this situation it might be fairly concluded that the accused substantially admitted the fact about which the judge expressed his opinion. It may be observed that there was a dissenting opinion in the *Miller* case.

The witness relied upon by the State to prove that a lawful oath had been administered to the defendant as alleged swore positively that such an oath had been administered, but did not know who administered it, or "the contents of the particular oath," or when it was administered, except that it was at the February term of court. The defendant stated to the jury that he "made these statements in the trial of Mrs. Partain's case," but said nothing as to his being sworn. It does not appear from the record that any witness sworn for the defendant testified that he had been sworn in the Partain case, or that any attorney representing him admitted that a legal oath had been administered to him. In these circumstances, even though the defendant's contention was that the statements made by him were true, we think the court erred in not allowing the jury to determine whether or not a lawful oath was administered to the defendant as alleged in the indictment. "On the trial of one indicted for the offense of perjury, an instruction which withholds from the jury the determination of the question whether the testimony alleged to have been false was material to

the issue is erroneous." *Cox* v. *State,* 13 *Ga. App.* 687 (2) (79 S. E. 909). We think that the court clearly committed reversible error in charging the jury as set out in special ground 9 of the motion for a new trial.

It follows from what has been said, and from the authorities cited, that the court committed reversible error in charging the jury, as set out in special ground 10, that the only question for the jury to determine was whether or not the defendant "did wilfully, knowingly, absolutely, and falsely swear substantially to the facts alleged in the indictment." It occurs to us that in so charging the judge directly expressed his opinion that several material matters had been proved.

■ Special ground 11 is controlled adversely to the plaintiff in error by the well-established rule that in the absence of a timely written request, it is not error to fail to charge upon the subject of impeachment of witnesses. *King* v. *State,* 163 *Ga.* 313 (10), 323 (136 S. E. 154), and citations.

■ Special ground 12 complains of error in this excerpt from the charge of the court: "But if a person swear that a thing is true to the best of his knowledge and belief, or so far as might come within his knowledge, he may be convicted, if it appears that he had no knowledge or information on the subject at the time. The perjury in the latter case would consist in his false statement as to his own knowledge and belief on the subject." It is of course true that perjury may be assigned upon an oath "to the best of one's knowledge and belief." See *Herring* v. *State,* 119 *Ga.* 709 (46 S. E. 876); *Davis* v. *State,* 7 *Ga. App.* 680 (4) (67 S. E. 839); *Stewart* v. *State,* 37 *Ga. App.* 686 (140 S. E. 415). The foregoing charge appears to be taken from the case of *Davis* v. *State,* supra. In our opinion it is not applicable either to the charge or the evidence in the case at bar, and should, therefore, not have been given. The presentment charges the defendant with swearing falsely in this language: "I do not know where the will was written, nor who wrote it. I acted in good faith throughout the matter, and, so far as I know, it is a genuine will." The presentment continues: "when in truth and in fact the said Pope did know where said will was written, who wrote it, and he, the said accused, was not acting in good faith, and then and there knew said purported will was not a genuine will." The State's evidence follows the presentment,

and is in effect that the defendant knew where said will was written, who wrote it, and that it was not a genuine will, for the reason that the defendant himself was the author of the forged will. We think this charge could well be omitted on another trial of the case.

It would be better if the excerpt from the charge of the court complained of in special ground 13 were so framed as to show clearly that the "false statement . . made with intent to obscure or conceal the truth" related to a "material matter" in the issue under investigation. "One can not be convicted of the crime of perjury unless the false testimony related to a matter material to the issue under investigation. In other words, falsely swearing to an immaterial matter is not an indictable offense." *Wilson* v. *State,* 115 *Ga.* 206, 207 (41 S. E. 696, 90 Am. St. 104); Penal Code (1910), § 259.

The fourteenth and last ground is in effect an elaboration of the general grounds; and since the case will be returned for another trial, the general grounds are not considered.

The trial judge erred in overruling the motion for a new trial, for reasons hereinbefore pointed out.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*