29446.   HICKS *v.* THE STATE.

Decided July 1, 1942.

" "

*Lindley W. Camp,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general, George D. Anderson, Blair & Gardner,* contra.

MacIntyre, J. ■ "Subornation of perjury and false swearing shall consist in procuring another person to commit the crime of perjury or false swearing." Code § 26-4005. "There can be no subornation of perjury where perjury is not committed." *Garrett* v. *State,* 18 *Ga. App.* 360 (2) (89 S. E. 380). Ground 3 of the demurrer is as follows: "Because said indictment attempts to charge in one count separate and distinct offenses, namely in that said indictment in one count alleges several distinct acts each con-

stituting an alleged purported offense, and said indictment is therefore multifarious, duplicitous and contains a misjoinder of offenses." While more than one false oath is alleged in the indictment, these false oaths constitute an entire offense. The false oaths thus alleged are all in one and the same affidavit; they relate to one criminal transaction perpetrated at the same time, and for which but one punishment may be inflicted, and constitute the single offense of perjury. The indictment is not multifarious or duplicitous, and does not contain a misjoinder of offenses. *Wingard* v. *State,* 13 *Ga.* 396, 398; *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622). Sufficient proof of any one of the particular false things material to the case sworn to in the affidavit would authorize the conviction of the defendant in this case, and the State was not bound to elect between them. *McLaren* v. *State,* 4 *Ga. App.* 643, 646 (62 S. E. 138); *Cody* v. *State,* supra.

■ Grounds 4, 5, 10, 14, and the first part of 17 raise the point that the indictment does not allege and show due administration of an oath for the basis of perjury. The indictment alleges that the oath administered was a lawful oath and was sworn to before a notary public for the State at large. "It is not necessary in an indictment for perjury to set out, either literally or in substance, the form of the oath alleged to have been administered in the judicial investigation in which the perjury is alleged to have been committed." *Sistrunk* v. *State,* 18 *Ga. App.* 42 (88 S. E. 796). It is sufficient to allege that the oath administered to the defendant was a lawful oath. The oath in this case was alleged to have been administered by a notary public of the State at large. Our Code, § 71-108, provides: "Notaries public shall have authority— . . To administer oaths in all matters incidental to their duties as commercial officers, and all other oaths which are not by law required to be administered by a particular officer." The oath here was not required to be administered by a particular officer. This Code section refers to notaries public appointed by judges of the superior court. Subsequently to the codification of this section the legislature passed an act creating notaries public for the State at large, now Code § 71-205, which provides: "The qualifications, powers, duties, fees, and liabilities of such notaries shall be the same as those prescribed by law for notaries public appointed by judges of the superior court, except that they are authorized to act

in any county in this State instead of only in the county of their residence and appointment; this chapter not being intended in any manner to repeal or modify the law with reference to notaries public appointed by judges of the superior court, but to create another class of notaries with power to act in any county in Georgia." None of the grounds of the demurrer referred to in this division of the opinion are meritorious.

■ Ground 18 is that because it does not affirmatively appear therefrom what particular form of oath was administered to the alleged perjurer, for that while it is alleged in the indictment that Paul Howard was given a lawful oath, it is alleged that the oath was taken with and without the laying of his hand on the Bible, etc., showing an improper and inconsistent act which, properly construed, shows that no oath was administered. Code § 26-4001 provides, "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming, in a matter material to the issue or point in question, in some judicial proceeding, by a person to whom a lawful oath or affirmation has been administered." The ground of this demurrer is decided adversely to the plaintiff in error in *Pope* v. *State,* 43 *Ga. App.* 175 (7), 177, 179 (158 S. E. 350).

■ Grounds 15 and 16 raise the point that because one of the allegations of false swearing in the indictment related to the purported false averment of Paul Howard that in his opinion the defendant could not get a fair trial, the same constituted but an erroneous expression of opinion by the said perjurer, and therefore no offense of perjury is charged to Howard in the indictment. The Code, § 26-4001, defines perjury as follows: "Perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing. . ." "'Or, to give a definition drawn from the older common-law authorities' by Wharton, perjury 'is the wilful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his evidence, either upon oath or in any form allowed by law to be substituted for an oath, whether such evidence is given in open court, or in an affidavit, or otherwise, such assertion being known to such witness to be false, and being intended by him to mislead the court, jury, or person holding the proceeding. . . The offense consists in swearing falsely

■

and corruptly, without probable cause of belief; not in swearing rashly or inconsiderately, according to belief.'" *Herring* v. *State,* 119 *Ga.* 709, 715 (46 S. E. 876). It is frequently the case that the affiant's knowledge of matters stated in his affidavit must, of necessity, rest upon information derived from others; and where this is the case, it is generally sufficient if he avers that such matters are true to the best of his knowledge and belief, or, if it is a matter of opinion, it is generally sufficient if he avers in his affidavit that such matters are true in his opinion. Thus, belief or the opinion of the affiant in a case such as this is to be considered *an absolute term in this connection.* Hence, to swear that one's opinion is that the defendant can not get a fair trial in Cobb County is swearing that it is one's opinion that a thing is true, and is equivalent to swearing that a thing is true; and perjury may be assigned on such affidavit which avers that, "affiant is of the opinion that Bill Chappell can not get a fair and impartial trial in said county, and that a fair and impartial jury can not be obtained in said county at this time to try the defendant." We can not agree with the defendant's contention. *Herring* v. *State,* supra.

We will treat grounds 1, 2, 6, 7, 8, 9, 11, 13, 17, and 19 to 31, inclusive, together. The offense of perjury charged in the indictment was but a single offense, and it could have been committed in either of the ways charged therein. The seventh paragraph of the indictment is as follows: "In truth and in fact the said Paul Howard actually knew nothing about the contents of the affidavit hereinbefore set out in this indictment; he knew nothing of the facts alleged therein as herein specifically pointed out, but executed and signed the same for the sum of $2.50, he, the said Paul Howard, being then and there induced and procured to sign the same upon the payment of the said $2.50." The defendant contends this does not allege an intent to swear falsely, for the defendant did not know what was in the affidavit, so as to bring the false statement under the definition of perjury. "At common law it was held that it does not matter whether the fact deposed to is in itself true or false; even if the thing sworn may happen to be true, yet, if it were not known to be so by him who swears to it, his offense is as great as if it had been false, inasmuch as he wilfully swears that he knows a thing to be true which at the same time he knows nothing of, and impudently endeavors to induce those before whom

he swears to proceed upon the credit of a deposition [affidavit] which any stranger might make as well as he." 1 Russell on Crimes and Misdemeanors (8th ed.) 474. The definition of perjury in the Code, § 26-4001, supra, provides that perjury shall consist in wilfully, knowingly, absolutely, and falsely swearing. The words of the affiant, "in his opinion" a fair trial could not be had in a named county are usually the words in the form of the affidavits introduced on the trial of the question whether or not the judge should order a change of venue in a murder case on the ground that the defendant can not get a fair trial in the named county. Looking to the nature of the investigation in this case, when one who makes an affidavit "to his opinion" as to the existence of a fact, "makes an *absolute* assertion, either that he has knowledge of the existence of that fact, or has information which induces him to believe that the fact does exist; and, therefore, one who swears as to the existence of a fact of which he knows nothing of his own knowledge or otherwise, though it should turn out to be true, would nevertheless be guilty of perjury." (Italics ours.) *Davis* v. *State, 7 Ga. App.* 680, 685 (67 S. E. 839). Thus, in the instant case there was absolute swearing. "An oath is wilful when taken with deliberation, and not through surprise or confusion, or a bona fide mistake as to the facts, in which latter cases perjury does not lie." 2 Wharton's Crim. Law (12th ed.), 1784 (8), § 1511. *Thomas* v. *State, 71 Ga.* 252, 254, and many of the other decisions cited by the defendant are but following the line of thought presented by Wharton when he says perjury does not lie where an oath is taken through surprise or confusion, or a bona fide mistake as to the facts. Such is not the allegation here. *" 'Falsely' is knowingly affirming without probable cause.* It is perjury where one swears wilfully and *corruptly* to a matter which he, according to his own lights, has no probable cause for believing." 2 Wharton, 1784, § 1512 (Italics ours.)

Paragraph 6 of the indictment (which is enclosed above in parenthesis) alleges as follows: "In truth and in fact the allegation in the said affidavit to the effect that affiant is of the opinion that Bill Chappell can not get a fair and impartial trial in said county, and that a fair and impartial jury can not be obtained in said county at this time to try the defendant (Bill Chappell) is untrue and false, and was known to be untrue and false by the said Paul Howard

when said affidavit was executed, and was known by the said accused to be false and untrue when he procured the execution of said affidavit." The defendant demurs on the ground that this paragraph contradicts paragraph 7 (enclosed above in brackets), in that paragraph 6 says that Howard knew the contents of the false affidavit, and paragraph 7 says that he did not know its contents but corruptly signed it, in that he was induced to sign it for $2.50. "If a man swears to a thing whereof he consciously knows nothing, he commits perjury; . . · for the declaration of a witness is that he knows the truth of what he states; and if he is conscious he does not know it, he means to swear falsely, however the fact may prove to be." 2 Bishop Crim. Law, 612, § 1048. And thus it is alleged that the affiant swore in his affidavit that he was of the opinion that Bill Chappell could not get a fair and impartial trial in said county, and that a fair and impartial jury could not be obtained in said county at that time, and that he so swore without knowing what was in the affidavit but swore to the same because of the fact that the defendant, who knew of the untruthfulness of the affidavit, paid Howard $2.50 so to do, Howard not so swearing in good faith based on such information as was at hand. And as to intent he may be convicted if the evidence shows that he, either by swearing to a fact which he knew was not true as alleged in paragraph 6, or if the evidence shows that he swore wilfully and corruptly to his knowledge of a fact enumerated in the affidavit about which he knew nothing as alleged in paragraph 7. U. S. v. Atkins, 1 Sprague, 558. If the defendant, who knows nothing about the matter then under investigation, can safely furnish a false and corrupt affidavit, without knowing its contents, about the matter in question, and can secure complete immunity by purposely abstaining from all inquiries as to the facts, the object of the law would be defeated. State v. Rupp, 96 Kan. 446, 449 (151 Pac. 1111).

At the trial the State could prove the intent to swear falsely by either of the ways alleged in paragraphs 6 and 7 of the indictment. They were but different ways of alleging facts which, if proved, would show the intent to commit the one and only crime charged in the indictment, and the State could establish the guilt of the accused by proving that he committed the crime of perjury charged in either of the ways alleged in the indictment, as the crime re-

lated to only one transaction. *McLaren* v. *State,* and *Cody* v. *State,* supra.

We do not think the indictment which charged George M. Hicks with subornation of perjury, in that he procured Paul Howard to commit the crime of perjury, was subject to the demurrers filed for the reasons assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*