## THOMAS *vs.* THE STATE OF GEORGIA.

Although a witness may have testified to a fact which was not true, yet if he believed it to be true at the time, he is not guilty of perjury. The intent to testify falsely and the falsity of the testimony given must both appear.

(*a.*) The charge should have contained this principle; and besides, the indictment was insufficient.

November 27, 1883.

Criminal Law. Before Judge RONEY. Burke Superior Court. November Term, 1882.

Thomas was indicted for perjury. The indictment charged that defendant, in the course of a judicial proceeding in the superior court, to-wit: the trial of an issue formed on a distress warrant in the case of John D. Munnerlyn, trustee, *vs.* Fred Thomas, knowingly, absolutely and falsely swore that said Fred Thomas had never signed or made his mark to a certain paper (setting out a promise to pay certain rent in cotton to John D. Munnerlyn), it being a material matter in the case.

On the trial, defendant was convicted. He moved for a new trial, on the following among other grounds:

(1.) Because of defects in the indictment. [As to these grounds, it appeared that a motion in arrest of judgment had been made, overruled and exception taken, and the writ of error dismissed; and counsel for the state insisted that such points were *res adjudicata.*]

(2.) Because the court charged as follows: "Now you will examine the papers, and if you find the distress warrant was based on the contract, it was essential to a recovery, and the genuineness of the contract was, therefore, a material point in the issue. If therefore the defendant was sworn on a material point or issue, if the defendant wilfully, knowingly, absolutely swore he did not sign the contract, when he did sign the contract, he is guilty of perjury. If he did not so swear, he is not guilty. That is the entire law of the case."

(3.) Because the verdict was contrary to law, evidence and the charge of the court.

The motion was overruled, and defendant excepted.

R. O. LOVETT; E. L. BRINSON, for plaintiff in error.

BOYKIN WRIGHT, solicitor general, by brief, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted and convicted of the crime of perjury, moved the court for a new trial on several grounds, which was refused by the court, this refusal was excepted to, and error is assigned thereon.

The charge of the court in this case is not as full and favorable to the plaintiff in error as the law requires, and he was entitled to. Under the law, in this case, the court should have instructed the jury that if defendant did testify to a fact which was not true, yet if he believed it to be true at the time, he was not guilty. In cases of this kind, the intent to testify falsely and the falsity of the testimony given must both appear.

A new trial is awarded in this case more readily, because we are satisfied that the indictment is insufficient to warrant a conviction.

Judgment reversed.