## WILSON v. THE STATE.

1. Perjury may be assigned upon false testimony going to the credit of a witness.

2. Where an indictment for perjury charged that the offense was committed by falsely swearing in a judicial proceeding consisting of a preliminary investigation of one warrant against two persons, and the proof showed a preliminary investigation of two warrants, one against each of such persons, the variance was fatal.

Argued March 17, — Decided March 26, 1902.

Indictment for perjury.   Before Judge Fite.   Whitfield superior court.   February 4, 1902.

*W. E. Mann* and *W. H. O'Dell*, for plaintiff in error.
*Sam. P. Maddox, solicitor-general*, contra.

COBB, J.   The accused was arraigned upon an indictment charging him with the offense of perjury.   He demurred to the indictment, and his demurrer was overruled.   The case went to trial, and resulted in a verdict finding the accused guilty.   He brings the case here upon a bill of exceptions assigning error upon the

overruling of his demurrer, and upon the refusal of the court to grant his motion for a new trial.

1. The demurrer contains numerous grounds; but as only two of these grounds were insisted on in the brief of counsel for plaintiff in error, none of the other grounds will be considered. One of the grounds argued in the brief set up that the indictment was defective for the reason that it did not appear therefrom that the testimony of the accused which was alleged to be false was material to the issue under investigation in the trial in which the accused was sworn as a witness. The indictment alleged, in substance, that in the case of the State against R. E. Sloan and David Sloan, charged with the offense of arson, before S. B. Felker, a justice of the peace, the judicial proceeding being a preliminary investigation before such justice upon a warrant issued against the Sloans, the accused, after having been duly sworn as a witness, falsely testified that he had not on a day named made an affidavit before a notary public, such affidavit being set out in full in the indictment, and containing, in substance, averments that the affiant knew of his own knowledge that the Sloans had burned the house and were guilty of the offense of arson as set forth in the warrant under which they had been arrested, and which was the foundation of the judicial proceeding then pending before Felker, the justice of the peace; the indictment concluding with the allegations that the accused, upon the trial of the Sloans, after a lawful oath had been administered to him, swore that he had not made the affidavit just referred to, when in truth and in fact he had made the affidavit and well knew this fact when he swore to the contrary.

In the preliminary trial before the justice of the peace, to determine whether the Sloans should be held to answer for the offense of arson, was the fact that the accused denied that he had made an affidavit which in effect charged that the Sloans were, within his own knowledge, guilty of the offense set forth in the warrant, material to the matter then under investigation, that is, whether the Sloans should be held to trial upon the charge of arson? One can not be convicted of the crime of perjury unless the false testimony related to a matter material to the issue under investigation. In other words, falsely swearing to an immaterial matter is not an indictable offense. It is not, however, essential that the fact sworn to should be material to the main issue in the case, but it is sufficient if it

relates to an issue which is only collaterally involved.  See State *v.* Shupe (Iowa), 85 Am. Dec. 485, and notes on page 493.    If a witness is called in a case and testifies to a given state of facts, his credibility may be attacked by showing that on another occasion he had stated, or sworn to, an entirely different state of facts; that is to say, he may be impeached by proof of contradictory statements made as to matters relevant to his testimony at other times, either under oath or not under oath.    Before he can be impeached in this way, however, it is necessary that his attention should be called to the time, place, and circumstances of the former statement; and if the statement was made in writing, it should be shown to him or read in his hearing.    Civil Code, § 5292.    If he is called to testify to any material issue in the case, any matter relating to his credibility as a witness becomes collaterally material to the issue on trial; and being thus collaterally material, perjury may be assigned upon false testimony affecting the credibility of the witness.    See the numerous cases cited in the notes to State *v.* Shupe, supra, on pp. 493 – 4.    Mr. Bishop in his work on Criminal Law (vol. 2, 8th ed.) § 1032 (3) says: " The credit of a witness is always an element adapted to vary the result of the trial of a fact; therefore it is a collateral issue therein.    And it is perjury to swear corruptly and falsely to anything affecting such credit; as, that he has not made a specified statement material in the case, that he has not expressed hostility to the defendant, that he has never been in prison."    See also U. S. *v.* Landsberg, 23 Fed. 585, and cases cited, where Benedict, J., says:   " The rule of the common law in regard to perjury is thus stated by Archbold:  'Every question in cross-examination, which goes to the witness' credit, is material for this purpose.' Archb. Crim. Pl. & Proc. 817 (Eng. ed.).    The same rule was declared by the twelve judges in Reg. *v.* Gibbons, 9 Cox, C. C. 105." In People *v.* Courtney, 94 N. Y. 491, 494, Andrews, J., said:  " The recent cases sustain the view that perjury may be assigned upon false testimony going to the credit of a witness;" citing Reg. *v.* Glover, 9 Cox's Crim. Cas. 501; Reg. *v.* Lavey, 3 C. & K. 26.    See also 2 Whart. Cr. L. (10th ed.) §§ 1277 – 8; *Salmons* v. *Tait*, 31 *Ga.* 676.

The other objection raised by the demurrer to the indictment was that it did not appear therefrom that the oath was administered by Felker, the justice of the peace, or by any one authorized

to administer an oath. It is unnecessary and it would be unprofitable to set forth the allegations of the indictment in full. It is sufficient to say that the indictment alleged that the accused was called as a witness in the trial of a case before Felker, a justice of the peace, that as such witness a lawful oath was administered to him, and that Felker, the justice of the peace, "had lawful power and authority to administer *said* oath." When this part of the indictment is construed as a whole, no other legitimate inference can be drawn therefrom than that Felker, the justice of the peace, administered the oath to the accused. There was no merit in this ground of the demurrer.

2. The indictment alleged that the judicial proceeding in which the accused was sworn as a witness was "the case of the State against R. E. Sloan and David Sloan," based on " a warrant " issued by Felker, a justice of the peace. This was an allegation in effect that there was only one case, which was founded upon one warrant and this warrant was issued against both of the Sloans, that is, it was a warrant charging them jointly with the commission of the offense. The evidence upon the trial showed that the investigation before Felker, the justice of the peace, was upon two warrants, one against R. E. Sloan and the other against David Sloan. The allegation was one case against two persons, founded upon one warrant against two persons; the proof was two warrants, each being against one person only, and two cases, each against one person only. This was a fatal variance. The fact that the persons named in the two warrants were the same persons referred to in the allegations in the indictment in reference to one warrant, and the fact that the preliminary trial was had upon both warrants at the same time, does not affect the question at all. The allegation and the proof do not agree, no matter how we view it. In a prosecution for perjury, it is essential to correctly describe and accurately prove the judicial proceeding in which the perjury is alleged to have been committed. It must be accurately described in the indictment, and must be proved substantially as laid. That the judicial proceeding consisted of a criminal case against two persons is not proved, literally or in substance, by evidence showing two criminal cases, one against each of two persons, although such persons may be identical with those referred to in the joint case. In Walker *v.* State, 96 Ala. 53, it was held: " In a trial for perjury, where

the indictment charges that the defendant falsely made an affidavit for a new trial in a civil action by one G. against him, an affidavit for a new trial in the case of G. et als. against him should not be admitted in evidence against the defendant's objection on the ground of variance." Walker, J., in the opinion says: "This evidence did not correspond with the allegation of the indictment as to the description of the proceeding in which the affidavit was made. A suit by Jacob Griel and others is not properly described as a suit by Jacob Griel alone. The proceeding alleged and the one proved are not identical. It can not be affirmed that the case mentioned in the affidavit was the same as the one described in the indictment. The allegation of the indictment in this regard is material matter of description. It imports a suit in which there was but one plaintiff. The proof offered does not correspond with that description." See also, in this connection, Jacobs v. State, 61 Ala. 448 ; Gandy v. State, 27 Neb. 707. The court erred in not granting a new trial upon the ground that there was a fatal variance between the allegations and the proof.

   *Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*