JOHN ERNEST COLLE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5712

June 20, 1969                    455 P.2d 917

*Seymour H. Patt,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The Washoe County Grand Jury indicted John Ernest Colle for perjury. NRS 199.120.[1] Colle filed a petition for a writ of habeas corpus in the district court, asserting that the evidence presented to the grand jury was insufficient to support the perjury indictment. NRS 172.155, subsection 2.[2] The district judge denied the petition; hence this appeal.

Colle had been earlier tried and convicted in the district court for a violation of NRS 197.090 (interfering with a police officer in the performance of his duties), which offense is a gross misdemeanor. During that trial Colle took the stand in his own behalf and in his sworn testimony stated that he had been in California between the hours of 8 p.m. on May 7, 1968, and 5 a.m. on May 8, 1968, which testimony the State contends is perjurious. Colle's testimony, which was read to the grand jury by the court reporter who was present during Colle's trial in the district court, is in direct conflict with the testimony of a Nevada highway patrolman who testified before the grand jury that he had observed Colle at 9 p.m. on May 7, 1968, in a truck on U.S. Highway 40 approximately 2 miles west of Reno. Colle argues, and rightly so, that there is nothing in the proceedings before the grand jury to show that his testimony in the prior case regarding his whereabouts on May 7,

---

[1]Perjury and subornation of perjury: Penalties. Every person having taken a lawful oath, . . . in a judicial proceeding, . . . who shall swear or affirm willfully, corruptly and falsely, *in a matter material to the issue or point in question,* . . . shall be deemed guilty of perjury, . . . and, upon conviction thereof, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years. [Emphasis added.]

[2]The defendant may object to the sufficiency of the evidence to sustain the indictment only by application for a writ of habeas corpus. If no such application is made before the plea is entered, unless the court permits it to be made within a reasonable time thereafter, the objection is waived.

1968, was "a matter material to the issue or point in question", which is an essential element of perjury. NRS 199.120, supra. People v. Pierce, 423 P.2d 969 (Cal. 1967); State v. Montoya, 419 P.2d 970 (N.M. 1966); Gibson v. Commonwealth, 328 S.W.2d 162 (Ky. 1959); United States v. Parker, 244 F.2d 943 (7th Cir. 1957), *cert. denied,* 355 U.S. 836 (1957); State v. Dunn, 180 N.E. 5 (Ind. 1932); In re Sheldon, 44 Nev. 268, 193 P. 967 (1920).

We conclude that the State has failed to meet its burden of establishing that an offense has been committed as prescribed in NRS 172.155, subsection 1.[3] See Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969), and cases cited therein. The writ shall issue, and the perjury charge is dismissed.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[3]The grand jury ought to find an indictment when all the evidence before them, taken together, establishes probable cause to believe that an offense has been committed and that the defendant has committed it.