KENNETH E. TAYLOR, APPELLANT, *v.* SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 5791

August 20, 1969                                           457 P.2d 961

*James D. Santini,* Public Defender, and *Robert Peccole,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin Jr.,* District Attorney, and *Alan R. Johns,* Chief Criminal Deputy, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from a denial of a writ of habeas corpus. The lower court found that the state had presented sufficient evidence at preliminary examination to show that appellant probably committed perjury.

At the preliminary hearing the state introduced an affidavit signed by appellant under oath pursuant to the issuance of a search warrant for narcotics in the possession of a Richard Notario. It also introduced a transcript of the testimony in a hearing at Notario's trial on a motion to suppress evidence taken under the search warrant. The statement by appellant in this testimony that he did not know the contents of the affidavit when he signed it is charged to constitute perjury. The state also introduced a transcript of the appellant's testimony given before the judge who issued the search warrant.

The state contends that the appellant's testimony given to the judge who issued the search warrant and the search warrant's affidavit is sufficient to establish probable cause for believing that appellant's later statements under oath were perjurious. Appellant contends that he signed the affidavit under duress and coercion, and therefore it and the accompanying testimony under oath is not admissible against him and that in any event it is not admissible to show the corpus delicti of the crime charged.

NRS 199.120 defines perjury as a willful unqualified false statement, under oath, material to the determination of the issue in question, without belief in the truth of the statement. The statement alleged to be perjurious was made under oath. It was material to the issue of whether evidence seized should be suppressed because "[i]f its falsity had been made known to the court during the trial of the case, [it could] have influenced the court on the issue before it . . . ." Ex parte Sheldon,

44 Nev. 268, 276, 193 P. 967, 969 (1920). See also Colle v. State, 85 Nev. 404, 455 P.2d 917 (1969). The only relevant remaining issues, which are the ones raised by appellant, are whether the testimony accompanying the signing of the search warrant's affidavit is admissible to show perjury and whether the evidence tending to show that the testimony was coerced prevents a finding of probable cause required here.

Circumstantial evidence is sufficient to support a conviction for perjury in Nevada. State v. Cerfoglio, 46 Nev. 332, 205 P. 791, rev'd on rehearing on other grounds, 46 Nev. 348, 213 P. 102 (1923). Prior statements with corroboration are also sufficient to support a conviction for perjury. People v. Chiuminatta, 318 P.2d 753 (Cal.App. 1958); People v. Yecny, 128 P.2d 146 (Cal.App. 1942). Appellant points out that confessions and admissions alone are not sufficient to prove the corpus delicti of a crime. State v. Gambetta, 66 Nev. 317, 208 P.2d 1059 (1949). But that does not prevent their admission into evidence; it prevents only a conviction on such evidence alone. In this case there was also the testimony of one of the detectives who procured the search warrant who testified that appellant had read the affidavit and that the information in the affidavit had come from appellant.

The statements of appellant under oath at the time of the issuance of the search warrant show unequivocally that he had read the search warrant affidavit and knew the facts in it. The detective's testimony corroborated this.

Appellant's plea that his signing of the affidavit was coerced is not dispositive of the appeal. He could have been coerced and still have known of the facts in the affidavit. If in fact his signing was coerced that would tend to show that his alleged falsity was not material, but it would not show that he did not know what was in the affidavit he signed.

The issue of coercion and materiality is an issue which cannot be resolved as a matter of law on this record. Certainly, the record shows no sign of duress. The finding of probable cause and denial of habeas corpus is accordingly affirmed.

COLLINS, C. J., BATJER and THOMPSON, JJ., and YOUNG, D. J., concur.