31819, 31820. KING v. THE STATE (two cases).

INGRAM, Justice.

Appellant was convicted in Crisp Superior Court of rape and sentenced to 20 years imprisonment. His amended motion for a new trial was denied by the trial court and he now appeals. The only issue on appeal is whether the trial court erred in refusing to grant a new trial on the ground that the prosecutrix victim was threatened and coerced into testifying against her will by the district attorney.

The prosecutrix testified before the grand jury and in juvenile proceedings that appellant had raped her. However, she became reluctant to testify at the trial. Her reluctance, apparently, was due to alleged threats which had been made against her if she prosecuted appellant and the natural reluctance of an alleged rape victim to relive a traumatic experience at a public trial.

She stated in an affidavit and testified at trial that she did not wish to testify against appellant and was doing so under a threat by the district attorney that he would bring perjury charges against her if she did not testify at the trial. Appellant's defense at the trial was based on the alleged consent of the prosecutrix to the intercourse. Of course, one can be convicted of perjury only for knowingly and wilfully making a materially false statement under oath and not for a refusal to testify. Code Ann. § 26-2401 (Ga. L. 1968, pp. 1249, 1310).

The issue to be decided is whether the threat of possible perjury charges against the prosecutrix so tainted her testimony at the trial that it requires a

reversal of appellant's conviction. We hold that it does not. The prosecutrix' identification of appellant as her rapist was never recanted or cast in doubt by her testimony. The jury had all the facts about her testimony and the credibility of the prosecutrix was a matter for the jury. Code Ann. § 38-1805. In addition, the prosecutrix' testimony at trial, that appellant raped her, was fully corroborated by other testimony given by her boyfriend, police officers investigating the crime, and appellant's juvenile accomplice. The conviction must, therefore, be affirmed. Cf. *Burnett v. State*, 236 Ga. 597, 598 (225 SE2d 28) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 3, 1977— DECIDED JANUARY 27, 1977— CASE NO. 31820 REHEARING DENIED FEBRUARY 22, 1977.

Robert King, *pro se.*

*Roberts, Roberts & Rainwater, Lawrence W. Roberts,* for appellant.

*D. E. Turk, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.