SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.*
IRA HARVEY HECHT, Respondent.

No. 16622

December 20, 1985 710 P.2d 728

*Brian McKay,* Attorney General, Carson City; *Robert Miller,*
District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Bernstein & Piazza,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting

respondent's pretrial petition for a writ of habeas corpus. Because we conclude that the writ of habeas corpus was improperly granted, we reverse.

Respondent was charged with subornation of perjury in violation of NRS 199.120. The events leading to the charge were as follows.

Respondent, an attorney, represented a client who had been charged with indecent exposure. The client was originally charged with a gross misdemeanor. However, when the district attorney learned that the client had previously been convicted in California of indecent exposure, the district attorney amended the complaint pursuant to NRS 201.220(1)(b) to allege a felony.[1]

At the client's preliminary hearing, respondent decided that it would be necessary to put his client on the witness stand. When the client expressed concern about what he should answer if asked about his prior conviction in California, respondent allegedly advised him: "When the district attorney asks you about your past, tell him you don't remember." The client subsequently took the witness stand and, when asked by the district attorney whether he had been convicted of indecent exposure in California, answered that he did not remember. The district attorney asked numerous questions concerning the California incident. However, the client continually answered, in essence, that he did not remember. Finally, respondent objected to the questioning as cumulative and time consuming. The district attorney answered that he was seeking an admission that the client had been convicted of indecent exposure in California. Because it was apparent that no admission would be forthcoming, the justice's court sustained the objection and questioning ceased.

Following the preliminary hearing, the client was concerned because he had lied under oath. He met with respondent and discussed the matter. Secretly, he recorded the conversation. After the conversation, the client was dissatisfied with respondent as his attorney. Therefore, he employed a new attorney to handle his case. When the recording of the conversation between the client and respondent came to the new attorney's attention, he instructed the client to turn the recording over to the district attorney. Respondent was subsequently charged with subornation of perjury, a felony in violation of NRS 199.120.

---

[1]NRS 201.220 provides in part:

 1. Every person who makes any open and indecent or obscene exposure of his person, or of the person of another, is guilty:

 (a) For the first offense, of a gross misdemeanor.

 (b) For any subsequent offense, of a felony, and upon conviction shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years, and may be further punished by a fine of not more than $5,000.

At respondent's preliminary hearing, his former client testified that on respondent's advice, he had lied under oath. The recording of the conversation between the client and respondent was also entered into evidence. At the close of the hearing, respondent was bound over for trial.

Respondent then filed a pretrial petition for a writ of habeas corpus in the district court. In his petition, respondent first pointed out that NRS 199.120 defines perjury as a false statement on a material issue made under oath. Respondent then argued that because his client's testimony was not material to any issue raised at the client's preliminary hearing, his client did not commit perjury. Respondent reasoned that if there was no perjury, there could be no subornation of perjury. The district court accepted this argument and granted respondent's petition for a writ of habeas corpus. This was error.

Testimony at a trial is material if the testimony could have influenced the court on an issue before the court had its falsity been made known to the court during the trial of the case. *See* Taylor v. Sheriff, 85 Nev. 505, 457 P.2d 961 (1969); Ex Parte Sheldon, 44 Nev. 268, 193 P. 967 (1920). Relying on this standard, respondent reasoned that because the state had a certified copy of the client's California judgment of conviction, the justice's court could not possibly have been influenced by the client's false testimony that he did not remember having been convicted in California. Therefore, respondent contended, and the district court agreed, that the client's testimony was not material, and not perjurious. We disagree with this application of the materiality standard enunciated above.

 ██

In determining the materiality of the testimony of a person charged with perjury, the strength or weakness of the evidence available to disprove the accused's false testimony must not be considered. A false statement made under oath is material and perjurious if it concerns an issue essential to the decision of the case and could influence the court if believed. This is true even if the statement may easily be proved false beyond any doubt, and thus, in a practical sense, could not influence the court.

 █

In this case, the testimony claimed to be nonmaterial concerned one of the elements of the crime charged. Indeed, the testimony concerned the existence of a prior conviction, and the existence of a prior conviction made the difference between a misdemeanor and a felony. *See* NRS 201.220, *supra*, note 2. An admission from the client would have obviated the necessity for the state to have presented evidence on this point. Further, if the justice's court had known that the client was lying, it might have

been more inclined not to believe the client's other testimony. *See* Ex Parte Sheldon, 44 Nev. 268, 193 p. 967 (1920) (witness' statements were material because they had an impact on his credibility as a witness). We conclude, therefore, that the testimony of respondent's client was material to the issues raised at the client's preliminary hearing. It follows that the district court erred in granting respondent's pretrial petition for a writ of habeas corpus. Accordingly, the order of the district court granting respondent's pretrial petition for a writ of habeas corpus is reversed and the case is remanded for further proceedings.