A95A0325. GARRETT v. GEORGIA HIGHER EDUCATION
ASSISTANCE CORPORATION.
(457 SE2d 677)

BEASLEY, Chief Judge.

Georgia Higher Education Assistance Corporation, as assignee of Barnett Higher Education Loan Program, filed a complaint on a note against Garrett in a state court, seeking the principal sum of $2,949.05, interest, collection costs pursuant to 20 USCA § 1091a (b) (1), and court costs.

Defendant, by counterclaim, sought $5,700,000 in damages for libel, slander, and perjury by causing her to be served with this allegedly frivolous lawsuit. Plaintiff moved to dismiss the counterclaim because: (1) it is barred by certain exceptions and limitations in the Georgia Tort Claims Act, and (2) allegations in pleadings are privileged. The court granted the motion and dismissed the counterclaim with prejudice, after which plaintiff dismissed its complaint without prejudice.

1. The court was not required to give legal or factual reasons for dismissing appellant's counterclaim. See OCGA § 9-11-52; *Walker v. Walker,* 238 Ga. 273, 274 (1) (232 SE2d 554) (1977).

2. The counterclaim is not barred by the Tort Claims Act, OCGA § 50-21-1 et seq., which constitutes the exclusive remedy for any tort committed by a state officer or employee. OCGA § 50-21-25 (a). A complainant under the Tort Claims Act must name as party defendant only the state government entity for which the state officer or employee was acting. OCGA § 50-21-25 (b).

Plaintiff Georgia Higher Education Assistance Corporation maintains that the counterclaim is a suit subject to the Tort Claims Act, but under OCGA § 50-21-22 (7), a corporation cannot be a "state officer or employee," and plaintiff is not one of the state government entities referred to in OCGA § 50-21-22 (5).

3. Nonetheless, dismissal was not error.

OCGA § 51-5-8 provides: "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous."

First, we reject defendant's argument that plaintiff's complaint was not filed in a court of competent jurisdiction because the note is a federally funded student loan governed by federal law. The claim for

sums due under the note is governed by Georgia law, which defendant recognizes by arguing that plaintiff's rights as a holder of the note are subject to the Georgia Commercial Code. Although federal law controls collection costs, the state court has inherent authority and thus is presumptively competent to adjudicate this issue, *Yellow Freight System v. Donnelly*, 494 U. S. 820, 823 (110 SC 1566, 108 LE2d 834) (1990). This is illustrated in *Collins v. Dept. of Transp.*, 208 Ga. App. 53, 54 (429 SE2d 707) (1993). Defendant has not shown exclusive federal jurisdiction by affirmative congressional divestment of state jurisdiction. *Donnelly*, supra. As to the general subject matter, the court was authorized to adjudicate it. OCGA § 15-7-4 (2).

Second, the allegation that plaintiff caused appellant to be served with a frivolous lawsuit does not state a claim for either libel or slander. See *Garrett v. DeWorken*, 148 Ga. App. 656, 657 (252 SE2d 81) (1979); see also *Household Finance Corp. of Ga. v. Gilley*, 167 Ga. App. 195 (1) (306 SE2d 85) (1983). Nor does it state a claim for perjury, which is a crime committed by one who knowingly and wilfully makes a materially false statement under oath. *King v. State*, 238 Ga. 386 (233 SE2d 340) (1977). The complaint is not sworn.

For these reasons, the counterclaim could not proceed, and the court properly dismissed it. OCGA § 9-11-12 (b) (6). See generally *Grant v. Fourth Nat. Bank of Columbus*, 229 Ga. 855, 859 (1) (194 SE2d 913) (1972).

4. Dismissal of the complaint without prejudice following the court's dismissal of the counterclaim was authorized by OCGA § 9-11-41 (a) and thus did not violate any rights of defendant.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 3, 1995 —
RECONSIDERATION DENIED MAY 10, 1995 —

Patricia K. Garrett, *pro se.*

Michael J. Bowers, *Attorney General,* Dennis R. Dunn, *Senior Assistant Attorney General,* Rebecca S. Mick, *Assistant Attorney General,* Macey, Wilensky, Cohen, Wittner & Kessler, Robert A. Winter, *for appellee.*