## A97A2315. WEST v. THE STATE.
### (492 SE2d 576)

ELDRIDGE, Judge.

Stephen L. West, the defendant-appellant, was indicted on multiple counts of child molestation in Colquitt County, Indictment Number 95-CR-379. Two counts were each tried separately; defendant was acquitted in both trials. Defendant was then indicted for two counts of perjury for the same statement made under oath in both trials, one count for each prior trial. Count 1 alleged that the defendant, in *State v. West*, on February 14, 1995, made a false statement material to the issue in question in a judicial proceeding under oath; Count 2 alleged that on June 6, 1996, in the same case, the defendant made a false statement material to the issue in question in a judicial proceeding under oath. Such trial for perjury preceded a trial of the remaining counts of child molestation.

Prior to defendant's trial for perjury, the district attorney made a motion in limine to exclude the verdicts of acquittal brought about as an alleged result of defendant's perjury as not relevant or material. The trial court granted the motion in limine.

On November 14, 1996, the jury convicted the defendant on both perjury counts. On November 19, 1996, defendant filed a timely notice of appeal.

1. Defendant's first enumeration of error is that an alleged false statement made under oath at one trial and repeated under oath at another trial does not constitute a separate offense of perjury, because it constituted the same alleged perjury committed at two separate trials. Defendant contends that the two separate jury trials constitute, legally, only one judicial proceeding. We do not agree.

OCGA § 16-10-70 (a) states that "[a] person to whom a lawful oath or affirmation has been administered commits the offense of perjury when, in a judicial proceeding, he knowingly and willfully makes a false statement material to the issue or point in question." When a person is placed under oath at a judicial proceeding and makes multiple false statements, the violation of the oath constitutes a single offense; proof of any one or all of the multiple false statements under the same oath constitutes a single act of perjury. *Beecher v. State*, 164 Ga. App. 54, 56 (2) (296 SE2d 374) (1982); *Clackum v. State*, 55 Ga. App. 44 (189 SE 397) (1936); *Black v. State*, 13 Ga. App. 541, 542-543 (4) (79 SE 173) (1913).

Therefore, it follows that, where two separate trials occur with

the administration of the oath for each trial, two separate acts of perjury are committed when the defendant makes the same false statement in each trial. There has been a separate violation of each of the two separate oaths, each constituting separate offenses even though the same false statement was made at each trial. It is the violation of the oath and not the number of false statements during a judicial proceeding that constitutes a single act of perjury. See generally *Beecher v. State*, supra at 56.

2. The second enumeration of error is that the alleged false statement was not a material issue of fact so as to constitute an essential element of the crime of perjury. We do not agree.

"[P]erjury is the wilful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his evidence, either upon oath or in any form allowed by law to be substituted for an oath, whether such evidence is given in open court, or in an affidavit, or otherwise, such assertion being known to such witness to be false, and being intended by him to mislead the court, jury, or person holding the proceeding. The offense consists in swearing falsely and corruptly, without probable cause of belief; not in swearing rashly or inconsiderately, according to belief. *Herring v. State*, 119 Ga. 709, 715 (46 SE 876) [(1904)]." (Punctuation omitted.) *Hicks v. State*, 67 Ga. App. 475, 481-482 (4) (21 SE2d 113) (1942); see also *Smith v. State*, 85 Ga. App. 459, 471 (4) (69 SE2d 281) (1952). Thus, the false statement must be material but it may be as to fact, opinion, belief, or knowledge.

In both molestation trials, the defendant testified that he had not molested the children, that his "alibi" witness, Caspar Dean Cook, had been with him on the night of October 6, 1995, with the children until fifteen minutes until 10:00 p.m., and that he had been alone with the children only from such time until twenty minutes after ten. At the first trial, the defendant testified that Cook had been with him until "fifteen minutes till 10:00." In the second trial, the defendant testified that Cook had been present with him at 9:30 p.m. and that Cook left about a quarter of ten or thereabouts and that he was certain that Cook left at 9:45 p.m. In the second trial, the defendant was asked if it would make any difference if he had been alone with the children an hour longer than he had testified to and he answered that he did not know. The defendant testified that he knew when Cook left based upon a movie that he had been watching and that he was positive that Cook left at 9:45 p.m. and not at 8:45 p.m. The defendant testified that he had been alone with the children approximately 25 to 30 minutes.

"[T]he question whether particular statements were material depends upon the nature of the proceeding and the matters at issue, and can be determined in each case for that case only, one test of

materiality being whether the alleged false statements could have influenced the decision as to the question at issue." *Clackum v. State*, supra at 49; see also *Black v. State*, supra at 541, 544. "[A]n investigation of the testimony in the record shows that while this testimony was apparently irrelevant and immaterial, it was, in the case in which the defendant was testifying, a material matter, because it was the statement of a fact which, if true, would perhaps have influenced the jury in the case then pending and in which the defendant was a witness." *Black v. State*, supra at 544.

When a party or witness testifies on a material issue, either as part of the case-in-chief or any defense, the credibility of the witness becomes relevant, and so matters relevant to the witness' credibility and, collaterally, material to the issue about which such witness is testifying, are material for purposes of perjury. "Perjury may be assigned on false testimony going to the credit of a witness." *Clackum v. State*, supra at 49; see also *Wilson v. State*, 115 Ga. 206 (41 SE 696) (1902); *Oxford v. State*, 40 Ga. App. 511, 512-513 (150 SE 466) (1929).

In this case, Kevin John Morbach, the human resources manager at the Winn-Dixie Store where Cook worked and custodian of the time records, testified that, on October 6, 1995, Cook clocked into work at 8:59 p.m. and clocked out at 5:33 a.m. on October 7, 1995; he further testified that the time records were secure from tampering.

Investigator Donald Davis, who testified at the perjury trial as to the defendant's testimony at the two molestation trials, testified that the materiality of the difference in time was that Cook could not have been present with the defendant to give the defendant an alibi regarding the molestation of the children during the earlier time when the alleged molestation occurred, and it would leave the defendant alone for a longer period of time with the children during the time in which the alleged molestation took place. Davis testified that it took twelve minutes to drive from the incident location to Winn-Dixie at normal speed and, speeding, that it took eight minutes. Thus, the materiality of the false statement of the defendant went to the length of defendant's access to the children and his opportunity to molest them; the perjured testimony provided as an alibi the presence of Cook during the time of the alleged molestation in order to deny seeing any molestation of the children by the defendant.

The trial court determines by admission relevancy and materiality. Since materiality is an element of the crime of perjury, then it becomes an issue for the jury, which was found adversely to the defendant by their verdict of guilty. There was sufficient evidence for a rational trier of fact to find materiality, as well as guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The third enumeration of error is that the evidence did not sufficiently show that the alleged false statement was "made willfully, knowingly, and absolutely." We do not agree.

Perjury can only be committed by knowingly and willfully making a materially false statement under oath; perjury cannot be committed by silence or refusal to testify, because perjury is an affirmative act of intentionally violating the oath. *King v. State*, 238 Ga. 386 (233 SE2d 340) (1977). The element of knowingly making a false statement refers to the time the statement was made under oath and not to subsequently acquired knowledge. *Oxford v. State*, supra at 513; see also *Stokes v. State*, 59 Ga. App. 878 (2 SE2d 674) (1939). The offense of perjury consists in swearing falsely and corruptly "without probable cause of belief; not in swearing rashly or inconsiderately, according to belief." (Punctuation omitted.) *Hicks v. State*, supra at 482; see also *Herring v. State*, supra at 715. Thus, both the intent to testify falsely and the act of false testimony must be shown as elements of the crime. *Thomas v. State*, 71 Ga. 252 (1883).

Intent to make a false statement may be proven from all the circumstances in the same fashion as intent is established in other criminal cases. *Rowe v. State*, 99 Ga. 706 (27 SE 710) (1896); *McCord v. State*, 83 Ga. 521 (10 SE 437) (1889). One who intentionally makes what that person believes is a false statement under oath, has committed perjury, because the person intended to testify falsely in violation of their oath, even if the fact or opinion turns out to be true; the intent was to swear falsely, not to testify as to what they knew to be true at that time. *Davis v. State*, 7 Ga. App. 680 (67 SE 839) (1910).

If a person seeks to ascertain the facts and testifies upon their reasonable belief as to the facts, then such is good faith. "*Reasonable ground* for believing the statement to be true may furnish an adequate defense." (Emphasis supplied.) *Stokes v. State*, supra at 879. "Although a witness may have testified to a fact which was not true, yet if he believed it to be true at the time, he is not guilty of perjury. The intent to testify falsely and the falsity of the testimony given must both appear." *Thomas v. State*, supra; see also *Herring v. State*, supra at 714; *Stokes v. State*, supra at 880. Accordingly, it is a jury question as to whether or not the facts sufficiently prove the requisite intent and thus, perjury. In this case, there is sufficient evidence for a rational trier of fact to find intent beyond a reasonable doubt. *Jackson v. Virginia*, supra.

4. The fourth enumeration of error is that the trial court erred in granting the motion in limine and denying the defendant the right to inform the jury that he had previously been acquitted of child molestation in two trials, based on the allegedly perjured testimony. We do not agree.

The prior acquittals in the two trials for child molestation have

no probative value on the trial for perjury, because evidence of the acquittals is neither relevant nor material to any issue in this case. OCGA § 24-2-1. Evidence is relevant when it logically tends to prove or disprove a material fact which is at issue in the case; every fact or circumstance serving to elucidate or throw light upon a material issue is relevant. *Sample v. Lipscomb*, 18 Ga. 687 (1855); see also *Dept. of Transp. v. Delta Machine Prods. Co.*, 157 Ga. App. 423 (278 SE2d 73) (1981). Evidence proffered to prove an issue or fact not in issue is properly denied admission as immaterial. *MacNerland v. Johnson*, 137 Ga. App. 541 (224 SE2d 431) (1976). Even relevant evidence may be properly denied admission where its probative worth or value is outweighed by its potential or tendency to confuse either the issues or the jury. Id. The jury in this case had to decide the issue of whether or not the State had proven the defendant guilty of perjury, which was a different issue than those that the two prior juries had tried. Therefore, what different juries may have decided on different issues at prior times is not only irrelevant and immaterial, but confusing and prejudicial.

"The object of all legal investigation is the discovery of the truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest evidence." OCGA § 24-1-2. "The reception of perjured evidence is never justice, no matter how salutary the end in view." *Hollins v. State*, 133 Ga. App. 183, 184 (210 SE2d 354) (1974). Thus, a party cannot do indirectly that which he or she is prohibited from doing directly, i.e., introduce the fruits of perjured testimony to, again, influence this jury to acquit on the prosecution for the perjury, which perjury caused the earlier acquittals.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 2, 1997.

*T. Mark Thedieck*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.